MARCOS D. SASSO (SBN 228905)
sassom@ballardspahr.com
**BALLARD SPAHR LLP**
2029 Century Park East, Suite 800
Los Angeles, CA  90067-2909
Telephone: 424.204.4400
Facsimile: 424.204.4350

Attorneys for Defendant
  CITIBANK, N.A.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA WEI,<br><br>                 Plaintiff,<br><br>       v.<br><br>CITIBANK, N.A.<br><br>                 Defendant. | CASE NO.  5:19-cv-06523<br><br>**NOTICE OF REMOVAL**<br><br>(Pursuant to 28 U.S.C. § 1331 – Federal Question) |

NOTICE OF REMOVAL

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

   **PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. Sections 1331, 1441(a), and 1446, defendant Citibank, N.A. ("Citibank") hereby removes the action entitled *Linda Wei v. Citibank, N.A.*, Superior Court of the State of California for the County of Santa Clara, Case No. 19CV354062 (the "Action"), to the United States District Court for the Northern District of California on the following grounds:

   1.   <u>Removal Is Timely</u>.  The Complaint was received and served on Citibank on September 10, 2018.  Citibank has timely filed this Notice of Removal pursuant to 28 U.S.C. § 1446(b) because it has filed it within 30 days of receipt and service of the Complaint, and within one year after "commencement of the action" in state court.  Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process and pleadings in the Action and received by Citibank are attached as Exhibit A.  On October 10, 2019, Citibank filed its Answer and Affirmative Defenses in the Action.  A copy of the Answer is attached hereto as Exhibit B.

   2.   <u>This Court Has Removal Jurisdiction Over This Action</u>.  The Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331 and is one that Citibank may remove to this Court pursuant to the provisions of 28 U.S.C. § 1441(b) in that Plaintiff alleges violations of the federal Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA") (*see* Compl., ¶ ¶ 21-25), a claim that is created by, and arises under, federal law.  *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 748 (2012) (holding that the TCPA's permissive grant of jurisdiction to state courts does not deprive the United States district courts of federal-question jurisdiction over private TCPA suits, and that a TCPA claim, "in 28 U.S.C. § 1331's words, plainly 'aris [es] under' the 'laws ... of the United States'").  To the extent any other claims in the Action arise under state law, including the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.*, and California Identity Theft Act, Cal. Civ. Code § 1798.92, *et seq.*, supplemental jurisdiction over such claims exists pursuant to 28 U.S.C. §§ 1367 and 1441(c).

1   3.  <u>Proper Jurisdiction</u>.  This Court is the proper district court for removal because

2 the Superior Court of the State of California for the County of Santa Clara is located within the

3 United States District Court for the Northern District of California.

4   4.  <u>Notice Has Been Effected</u>.  Citibank concurrently is filing a copy of this Notice of

5 Removal of Action with the Superior Court of the State of California for the County of Santa

6 Clara.  Citibank will concurrently serve Plaintiff with copies of this Notice of Removal and the

7 Notice filed in the Action.

8 Dated: October 10, 2019    BALLARD SPAHR, LLP

            MARCOS D. SASSO

9

10          By:  */s/ Marcos D. Sasso*

             Marcos D. Sasso

11

12           Attorneys for Defendant

            CITIBANK, N.A.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>CITIBANK, N.A.,<br><br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>LINDA WEI, | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>E-FILED<br>8/26/2019 3:30 PM<br>Clerk of Court<br>Superior Court of CA,<br>County of Santa Clara<br>19CV354062<br>Reviewed By: Yuet Lai<br>Envelope: 3311507 |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las costas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Downtown Superior Court | CASE NUMBER:<br>*(Número del Caso):* 19CV354062 |

191 North First Street
San Jose, CA 95113

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*
Todd M. Friedman, 21550 Oxnard St., Suite 780, Woodland Hills, CA 91367, 323-306-4234

| DATE:<br>*(Fecha)* 8/26/2019 3:30 PM | Clerk of Court | Clerk, by<br>*(Secretario)* Yuet Lai | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*: **Citibank, N.A.**

   under: ☒ CCP 416.10 (corporation)　　　　☐ CCP 416.60 (minor)
   　　　　☐ CCP 416.20 (defunct corporation)　☐ CCP 416.70 (conservatee)
   　　　　☐ CCP 416.40 (association or partnership)　☐ CCP 416.90 (authorized person)
   　　　　☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>American LegalNet, Inc. |

E-FILED
8/26/2019 3:30 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
19CV354062
Reviewed By: Yuet Lai

Todd M. Friedman (216752)
Adrian R. Bacon (280332)
**Law Offices of Todd M. Friedman, P.C.**
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: (323) 306-4234
Fax: (866) 633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
*Attorneys for Plaintiff*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF SANTA CLARA
## LIMITED JURISDICTION

|  |  |
|---|---|
| **LINDA WEI,** | Case No. 19CV354062 |
| Plaintiff, | **(Amount to Not Exceed $10,000)** |
| vs. | 1. Violation of Rosenthal Fair Debt Collection Practices Act |
| **CITIBANK N. A.,** | 2. Violation of Telephone Consumer Protection Act |
| Defendant. | 3. Violation of California Civil Code § 1798.92. *et seq.* |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Ancillary to the claims above, Plaintiff further alleges claims for Defendant's violations of the Telephone Consumer Protection Act., 47 U.S.C. §227, *et seq.* (hereinafter "TCPA").

## II. PARTIES

2.     Plaintiff, LINDA WEI ("Plaintiff"), is a natural person residing in Santa Clara County in the state of California, is a "debtor" as defined by Cal Civ Code §1788.2(h) and is a "person" as defined by 47 U.S.C. § 153 (10).

1.     Furthermore, Plaintiff is a "debtor" as defined by the RFDCPA, Cal. Civ. Code § 1788.2(h), and a "Victim of Identity Theft" as that term is defined by Cal. Civ. Code § 1798.82(d).

3.     At all relevant times herein, Defendant, CITIBANK N. A. ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due to Defendant, and therefore is a "debt collector" as defined by the RFDCPA, Cal Civ Code §1788.2(c).   Defendant is a "person" as defined by *47 U.S.C. § 153 (10)*.

4.     The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants."   The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.   Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.   Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

5.     Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants.   Plaintiff is informed and believes that each of the

acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

### III. FACTUAL ALLEGATIONS

4.      At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

5.      In or around February of 2018 through August of 2018, Defendant began numerously contacting Plaintiff, in attempting a collect a debt Plaintiff owed to Defendant.

6.      This debt does not belong to Plaintiff. Plaintiff's credit card was stolen while she was out of the country. Plaintiff contacted defendant after she learned of fraudulent charges.

7. Despite Plaintiff's efforts in disputing these charges, which included making phone calls, writing letters, and filing a police report, Defendant still closed Plaintiff's credit card account and left her with a balance for the fraudulent changes.

8.      Plaintiff requested for Defendant to stop contacting Plaintiff during one of the initial calls from Defendant, thus revoking any prior express consent that had existed and terminating any established business relationship that had existed, as defined under 16 C.F.R. 310.4(b)(1)(iii)(B).

9.      Defendant's calls often used a prerecorded or artificial voice.

10.      Defendant used an "automatic telephone dialing system", as defined by *47 U.S.C. § 227(a)(1)*, to place its repeated collection calls to Plaintiff seeking to collect the debt allegedly owed by Plaintiff.

11.      Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

12.      On at least one occasion, Plaintiff told Defendant to stop calling her.

13.     Despite this, Defendant did not cease to call Plaintiff.

14.     §1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. §1692d, and §1692d(5).

15.     Defendant's conduct violated the RFDCPA in multiple ways, including but not limited to:

    a) Falsely representing the character, amount, or legal status of Plaintiff's debt, including... (§ 1692e(2)(A));

    b) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, including (§ 1692e(10);

    c) Collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt (§ 1692f(1));

16.     Defendant's conduct violated the TCPA by:

    a) using any automatic telephone dialing system or an artificial or pre-recorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call (47 USC §227(b)(A)(iii)).

17.     As a result of the above violations of the FDCPA, RFDCPA, and TCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF ROSENTHAL
## FAIR DEBT COLLECTION PRACTICES ACT

18.     Plaintiff reincorporates by reference all of the preceding paragraphs.

19.     To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A.     Actual damages;

B.     Statutory damages for willful and negligent violations;

C.     Costs and reasonable attorney's fees.

D.     For such other and further relief as may be just and proper.

### COUNT II: VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT

20.     Plaintiff incorporates by reference all of the preceding paragraphs.

21.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

22.     As a result of Defendant's negligent violations of *47 U.S.C. § 227 et seq.*, Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B).*

23.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

24.     As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).*

25.     Plaintiff is entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.      As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1)*, Plaintiff is entitled to and requests $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C.  227(b)(3)(B)*.

B.      As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff is entitled to  and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*.

C.      Any and all other relief that the Court deems just and proper.

### COUNT III: VIOLATIONS OF
### CAL. CIV. CODE § 1798.92-1798.97

1.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

2.      The foregoing acts and omissions constitute numerous and multiple violations of the Cal. Civ. Code § 1798.92, including but not limited to, each and every one of the above-cited provisions of Cal. Civ. Code § 1798.92.

3.      As a result of each and every violation of Cal. Civ. Code § 1798.92, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1798.93(c)(5); statutory damages in an amount up to $30,000.00 pursuant to Cal. Civ. Code § 1798.93(c)(6); costs pursuant to Cal. Civ. Code § 1798.93(c)(5), attorney's fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5) and any equitable relief the Court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c)(5).

///

///

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A.  Enter judgment against Defendant for all actual, punitive and other damages which Plaintiffs are entitled;

    B.  Enter an order rescinding the transaction;

    C.  Attorneys' fees; and

    D.  Grant other relief deemed just and appropriate.

### **PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted August 23, 2019

By: _____

Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Todd M. Friedman, Esq. SBN 216752<br>Law Offices of Todd M. Friedman<br>21550 Oxnard St., Suite 780<br>Woodland Hills, CA 91367<br>TELEPHONE NO. 323-306-4234  FAX NO. 866-633-0228<br>ATTORNEY FOR *(Name):* Plaintiff, Linda Wei | FOR COURT USE ONLY<br><br>**Electronically Filed<br>by Superior Court of CA,<br>County of Santa Clara,<br>on 8/26/2019 3:30 PM<br>Reviewed By: Yuet Lai<br>Case #19CV354062<br>Envelope: 3311507** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Santa Clara
STREET ADDRESS: 191 North First Street
MAILING ADDRESS: 191 North First Street
CITY AND ZIP CODE: San Jose 95113
BRANCH NAME: Downtown Superior Court

CASE NAME:
Linda Wei v. Citibank, N.A.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER 19CV354062 |
|---|---|---|---|---|
| ☐ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☑ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE |
| | | | | DEPT |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☑ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management.
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action *(specify):* 3
5. This case ☐ is ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 23, 2019

Todd M. Friedman
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1. check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

**ATTACHMENT CV-5012**

# CIVIL LAWSUIT NOTICE
**Superior Court of California, County of Santa Clara**
**191 North First St., San José, CA 95113**

CASE NUMBER: 19CV354062 _____

## PLEASE READ THIS ENTIRE FORM

*PLAINTIFF* (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint*, *Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

*DEFENDANT* (The person sued): **You must do each of the following to protect your rights:**

1. You must file a **written response** to the *Complaint, using the proper legal form or format*, in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint*;
2. You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

   **Warning: If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

---

*RULES AND FORMS:* You must follow the California Rules of Court and the Superior Court of California, County of < _CountyName_ > Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José (408-882-2900 x-2926).

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm

*CASE MANAGEMENT CONFERENCE (CMC):* You must meet with the other parties and discuss the case, in person or by telephone at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.*

Your Case Management Judge is: ___Pierce, Mark H___ **Department:** ___2___

The 1st CMC is scheduled for: (Completed by Clerk of Court)
   Date: __12/10/2019__ Time: __3:45pm__ in **Department:** __2__

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)
   Date: _____ Time: _____ in **Department:** _____

*ALTERNATIVE DISPUTE RESOLUTION (ADR):* If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

# EXHIBIT B

MARCOS D. SASSO (SBN 228905)
sassom@ballardspahr.com
**BALLARD SPAHR LLP**
2029 Century Park East, Suite 800
Los Angeles, CA  90067-2909
Telephone: 424.204.4400
Facsimile: 424.204.4350

Attorneys for Defendant
   CITIBANK, N.A.

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SANTA CLARA

| | |
|---|---|
| LINDA WEI, | Case No. 19CV354062 |
| Plaintiff, | **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT CITIBANK, N.A.** |
| v. | |
| CITIBANK, N.A., | |
| Defendants. | |

Defendant Citibank, N.A., ("Citibank"), through its undersigned counsel, hereby answers the complaint filed by plaintiff Linda Wei ("Plaintiff") (the "Complaint"), as follows:

### GENERAL DENIAL

Pursuant to California Code of Civil Procedure Section 431.30(d), Citibank denies, generally and specifically, in the conjunctive and disjunctive, each and every cause of action and allegation contained within the Complaint, and the Complaint as a whole, and further denies that the relief requested by Plaintiff is appropriate and/or that damages were sustained, or that Citibank's conduct was objectionable or unreasonable, or that Citibank was negligent in any way. Citibank further denies that by reason of any act, fault, carelessness or omission on its part, Plaintiff has been injured, damaged or harmed in any way or in any amount whatsoever, or at all, by reason of any acts or omissions of Citibank.

Without admitting any allegations contained in the Complaint, Citibank asserts the following separate affirmative defenses to the Complaint. By alleging the affirmative defenses set forth below, Citibank does not agree or concede that it bears the burden of proof or the burden of persuasion on any of these issues.

### FIRST AFFIRMATIVE DEFENSE

#### Failure To State A Claim

(To All Causes Of Action)

1.      The Complaint, and each claim and cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Citibank.

### SECOND AFFIRMATIVE DEFENSE

#### Agreement To Arbitrate

(To All Causes Of Action)

2.      The Complaint, and each purported claim alleged therein, is barred, in whole or in part, because the credit card agreement governing Plaintiff's Citibank credit card account(s) contains a valid and binding arbitration agreement that authorizes either party to elect arbitration

2029 Century Park E #800 Los Angeles, CA 90067 424.204.4400

of any claims pertaining to the account(s).  Citibank expressly reserves, and does not waive, its right to arbitrate under the parties' agreement.

## THIRD AFFIRMATIVE DEFENSE

### Statute Of Limitations

(To All Causes Of Action)

3.     The Complaint, and each cause of action therein, is barred, in whole or in part, by the applicable statutes of limitation, including, but not limited to, California Civil Code section 1788.30(f), Civil Code section 1798.97, and 28 U.S.C. § 1658.

## FOURTH AFFIRMATIVE DEFENSE

### Estoppel

(To All Causes Of Action)

4.     The Complaint, and each claim and cause of action alleged therein, is barred by the conduct, actions and inactions of Plaintiff, which amount to and constitute an estoppel of the causes of action and any relief sought thereby.

## FIFTH AFFIRMATIVE DEFENSE

### Laches

(To All Causes Of Action)

5.     Plaintiff has unreasonably delayed taking action in connection with the alleged claims, causing substantial prejudice to Citibank, and such claims therefore are barred pursuant to the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

### Waiver

(To All Causes Of Action)

6.     The Complaint, and each claim and cause of action alleged therein, is barred by the conduct, action and inactions of Plaintiff, which amount to and constitute a waiver of any right or rights Plaintiff may or might have in relation to the matters alleged in the Complaint.

2029 Century Park E #800Los Angeles, CA 90067

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT CITIBANK, N.A.

2029 Century Park E #800Los Angeles, CA 90067

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SEVENTH AFFIRMATIVE DEFENSE

### Unclean Hands

#### (To All Causes Of Action)

7.      The Complaint, and each claim and cause of action alleged therein, is barred, in whole or in part, on the grounds that Plaintiff may obtain no relief under the Complaint by reason of the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

### Failure To Mitigate

#### (To All Causes Of Action)

8.      Although Citibank denies that Plaintiff has suffered any loss, to the extent that loss has been suffered, Plaintiff has failed to mitigate that loss.

## NINTH AFFIRMATIVE DEFENSE

### Ratification

#### (To All Causes Of Action)

9.      The Complaint, and each claim and cause of action alleged therein, is barred by the conduct, actions and inactions of Plaintiff under the doctrine of ratification.

## TENTH AFFIRMATIVE DEFENSE

### Independent/Intervening Conduct

#### (To All Causes Of Action)

10.      To the extent that Plaintiff has suffered any damage, injury and/or harm as a result of the matters alleged in the Complaint, which Citibank denies, any damage, injury and/or harm sustained by Plaintiff was the direct and proximate result of the independent, intervening, negligent, criminal and/or unlawful conduct of independent third parties or their agents, and not any act or omission on the part of Citibank.

3

2029 Century Park E #800Los Angeles, CA 90067

### ELEVENTH AFFIRMATIVE DEFENSE

**Discharge Of Duty**

(To All Causes Of Action)

11.     Citibank alleges that it has appropriately, completely and fully performed and discharged any and all obligations and legal duties, if any, arising out of the matters alleged in the Complaint.

### TWELFTH AFFIRMATIVE DEFENSE

**Adequate Legal Remedy**

(To All Causes of Action)

12.     Each claim and cause of action in the Complaint that alleges a request for injunctive and equitable relief is barred because Plaintiff has an adequate legal remedy.

### THIRTEENTH AFFIRMATIVE DEFENSE

**Preemption**

(To All Causes of Action)

13.     The Complaint is barred, in whole or in part, on the grounds that any state law claims are preempted by federal law.

### FOURTEENTH AFFIRMATIVE DEFENSE

**Good Faith/Reasonable Commercial Standards**

(To All Causes Of Action)

14.     With respect to the matters alleged in the Complaint, Citibank at all times acted in good faith and in accordance with reasonable commercial standards, thus precluding any recovery by Plaintiff against Citibank.

### FIFTEENTH AFFIRMATIVE DEFENSE

**Choice Of Law**

(To All Causes Of Action)

15.     The Complaint is barred, in whole or in part, to the extent it is based on law other than the governing law contained in the parties' credit card agreement.

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT CITIBANK, N.A.

2029 Century Park E #800Los Angeles, CA 90067

### SIXTEENTH AFFIRMATIVE DEFENSE

#### Contributory Negligence

#### (To All Causes Of Action)

16.     Citibank alleges that, if Plaintiff sustained any loss as a result of the matters alleged in the Complaint, such loss, if any, was caused and contributed to by the conduct of Plaintiff, and such conduct on her part constitutes a bar to any recovery or, in the alternative, recovery, if any, should be reduced in proportion to the extent such conduct was a cause of her loss, if any.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### Setoff

#### (To All Causes Of Action)

17.     The claims alleged by Plaintiff are subject to a setoff and/or recoupment for amounts owed by Plaintiff on her Citibank credit card account(s).

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### Consent

18.     Plaintiff is barred, in whole or in part, from maintaining the alleged claims to the extent Plaintiff provided "prior express consent" within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"), for all calls allegedly placed by Citibank.

### NINETEENTH AFFIRMATIVE DEFENSE

#### Lack of Standing

19.     The Complaint, and each claim and cause of action set forth therein, is barred, in whole or in part, because Plaintiff suffered no injury, actual damages, or concrete and/or particularized injury-in-fact, as a result of any act or practice of Citibank and, therefore, lacks standing to assert a claim.

### TWENTIETH AFFIRMATIVE DEFENSE

#### Due Process

20.     The imposition of liability and/or statutory damages of up to $1,500 per call under the TCPA would violate provisions of the United States Constitution, including the Due Process

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT CITIBANK, N.A.

Clause, on the grounds, among others, that the recovery of statutory damages of up to $1,500 per call would be wholly disproportionate to the offense and unreasonable.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

#### Not Knowing or Willful

21.     Plaintiff is precluded from any recovery for a willful and knowing violation of the TCPA because any such violation (which Citibank denies occurred) would not have been willful or knowing.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

#### Unintentional Violation/Bona Fide Error

22.     The claims of Plaintiff are barred, in whole or in part, because any alleged wrongful conduct on the part of Defendants, which is assumed only for the purpose of this affirmative defense, was unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. See Cal. Civ. Code § 1788.30(e).

### TWENTY-THIRD AFFIRMATIVE DEFENSE

#### Intentional Violation

23.     The Complaint is barred, in whole or in part, to the extent Plaintiff, based on information discovered during the exchange of information and/or documents, intentionally violated any provisions of California's Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code sections 1788-1788.30, which precludes any claims based upon the Rosenthal Act as set forth in California Civil Code section 1788.30(g).

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

#### Limit On Application Of Claim

(To Third Cause of Action)

24.     The Complaint is barred, in whole or in part, to the extent that the transaction at issue is subject to Civil Code section 1747.10.

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT CITIBANK, N.A.

2029 Century Park E #800 Los Angeles, CA 90067

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### Reservation Of Right To Assert Other Defenses

(To All Causes Of Action)

25.     Citibank expressly reserves the right to assert such other and further affirmative defenses as may be appropriate.

WHEREFORE, Citibank prays for judgment as follows:

1.     That Plaintiff take nothing by the Complaint;

2.     That the Complaint be dismissed with prejudice;

3.     That Citibank recover its attorneys' fees and costs herein; and

4.     For such other and further relief as the Court deems just and proper.

DATED: October 10, 2019

**BALLARD SPAHR LLP**
Marcos D. Sasso

**By:**

Marcos D. Sasso

Attorneys for Defendant
CITIBANK, N.A.

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT CITIBANK, N.A.

2029 Century Park E #800 Los Angeles, CA 90067

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is **BALLARD SPAHR LLP**, 2029 Century Park East, Suite 800, Los Angeles, CA 90067-2909.

On **October 10, 2019**, I served the document(s) entitled: **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT CITIBANK, N.A.** on the interested parties in this action by placing a true and correct copy of the document thereof, enclosed in a sealed envelope as follows:

Todd M. Friedman                                                              *Attorneys for Plaintiff, Linda Wei*
Adrian R. Bacon
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Telephone: (323) 306-4234
Facsimile: (866-633-0228
Email: tfriedman@toddflaw.com
Email: abacon@toddflaw.com

☑ **BY MAIL:** by placing the document(s) listed above in a sealed envelope with California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT MAIL:** by causing document(s) to be picked up by an overnight delivery service company for delivery to the addressee(s) on the next business day.

☐ **BY FACSIMILE:** by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ **BY HAND:** by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ **BY PERSONAL DELIVERY**: by causing personal delivery by First Legal Network of the document(s) listed above to the person(s) at the address(es ) set forth below.

☐ **BY E-MAIL:** by attaching an electronic copy of the document(s) listed above to the e-mail address listed below.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **October 10, 2019**, at Los Angeles, California.

_____
Shari L. Green

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is **BALLARD SPAHR LLP**, 2029 Century Park East, Suite 800, Los Angeles, CA 90067-2909. On October 10, 2019, I served the within documents:

**NOTICE OF REMOVAL AND CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

☐ **BY FAX**: by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ **BY HAND:** by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☑ **BY MAIL**: by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐ **BY E-MAIL**: by attaching an electronic copy of the document(s) listed above to the e-mail address listed below.

☐ **BY OVERNIGHT MAIL**: by causing document(s) to be picked up by an overnight delivery service company for delivery to the addressee(s) on the next business day.

☐ **BY PERSONAL DELIVERY**: by causing personal delivery by FIRST LEGAL, INC. of the document(s) listed above to the person(s) at the address(es) set forth below.

| | |
|---|---|
| Todd M. Friedman<br>Adrian R. Bacon<br>Law Offices of Todd M. Friedman, P.C.<br>21550 Oxnard St., Suite 780<br>Woodland Hills, CA 91367<br>Telephone: (323) 306-4234<br>Facsimile: (866) 633-0228<br>Email: tfriedman@toddflaw.com<br>Email: abacon@toddflaw.com | *Attorneys for Plaintiff, Linda Wei* |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 10, 2019 at Los Angeles, California.

Shari L. Green